Michael G. Spector, Esq., Law Offices of Michael G. Spector, Santa Ana, CA, for Appellee.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM [**]

Kwang–Wei Han appeals pro se the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's summary judgment in favor of McGaw Property Management, Inc. ("McGaw"). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo questions of standing, *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1097–98 (9th Cir.2000), and

we affirm. McGaw, a California corporation, had standing to bring an action against Han for embezzlement and conversion of McGaw's funds, and breach of fiduciary duty to McGaw. *Cf., e.g., General Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1396 (9th Cir.1991) (aggrieved corporation had standing to maintain action against individual for conversion and breach of fiduciary duty).

We deny Han's motion for judicial notice filed May 2, 2003.

**AFFIRMED.**

**Mohammed Bilal HOSSAIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73386.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.[*]

Decided Nov. 18, 2003.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Immigration & Natu-ralization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Fran-cisco, CA, Lyle Jentzer, Office of Immigra-tion Litigation, Washington, DC, District Counsel, U.S. Immigration & Naturaliza-tion Service, Office of the District Counsel, Phoenix, AZ, for Respondent.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Mohammed Bilal Hossain, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' deci-sion affirming the Immigration Judge's ("IJ") denial of his applications for political asylum and withholding of deportation. The transitional rules of the Illegal Immi-gration Reform and Immigrant Responsi-bility Act of 1996 apply, and we have juris-diction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the IJ's ad-verse credibility finding for substantial evi-dence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999), and we deny the petition.

The IJ identified a material inconsisten-cy between Hossain's testimony and his asylum application regarding whether he was arrested. Because this inconsistency goes to the heart of his asylum claim, substantial evidence supports the IJ's ad-verse credibility finding. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Hossain failed to establish eli-gibility for asylum or withholding of depor-

tation. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

